Case 1:12-cv-00311-WWC-MCC Document 1 Filed 02/16/12 Page 1 of 13

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FA-4276
(Inmate Number)

PAUL KHALIFAH ROULHAC
(Name of Plaintiff)

SCI-GRATERFORD, BOX 244
GRATERFORD PA. 19426-0244
(Address of Plaintiff)

vs.

R.M. LAWLER, ET AL.,

(Names of Defendants)

12-CV-311
(Case Number)

COMPLAINT

FILED
SCRANTON

FEB 16, 2012

Per_____
DEPUTY CLERK

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS
_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: PAUL ROULHAC v. MUSKEGON HOSPITAL (Case Pending) To Be Connected to This Case.

PAUL ROULHAC v. RAYMOND M. LAWLER, et al. - CIVIL ACTION NO. 08-5124 / Timothy J. Savage, J / Eastern District This case is the same but dismissed for filing in the wrong district. Re:submitted for this Middle District

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?
✓ Yes _____ No

B. Have you filed a grievance concerning the facts relating to this complaint?
✓ Yes _____ No

If your answer is no, explain why not _____

_____

C. Is the grievance process completed? ✓ Yes _____ No

United States District Court
Middle District of Pennsylvania

Paul Khalifah Roulhac
    Plaintiff

v.

R.M. Lawler, Superintendent
Mary Lou Showalter
Shoaf
Johnson
Fisher
Jeffery Beard
Susan E. McNaughton
    Defendants for Pennsylvania

Civil Action
No. _____

FILED
SCRANTON

FEB 1 6 2012

PER _____
DEPUTY CLERK

CO-Defendants
    MCF-Michigan Superintendent; Michael W. Curley, MCF-Michigan Doctor; Bergman, and Medical staff, and Hackley Hospital Muskegon, MI 49442

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant __R.M. LAWLER, ET aL.,__ is employed as __Superintendent__ at __SCI-Huntingdon__

B. Additional defendants __"see ATTAched CompLAINT"__

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. __"see attached complaint"__

2. 

3.

V.  Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.  _"see attached complaint"_

2.  

3.  

Signed this _Feb_ day of _12-12_, ___.

_Paul Roulhac_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_FEB -12-12_           _Paul Roulhac_
(Date)                 (Signature of Plaintiff)

Complaint

Plaintiff, Paul Khalifah Roulhac ("Plaintiff"), pro se prisoner, brings this action pursuant to 42 U.S.C. Section 1983 for the violation of his civil rights under the United States Constitution. Defendants R.M. Lawler ("Lawler"), Marylou Showalter (Showlater"), Shoaf ("Shoaf"), Ms. Johnson ("Johnson"), Ms. Fisher ("Fisher"), Jeffery Beard ("Beard"), and Susan E. McNaughton ("McNaughton") (collectively referred to as Pennsylvania "Defendants").

Defendants Michael W. Curley ("Curley"), Bergman ("Bergman"), John Doe Medical Staff ("Medical Staff at MCF-Michigan"), and Hackley Hospital Muskegon ("Hackly Hospital Personnel"), also collectively referred to as MCF-Michigan "CO-Defendants").

All acted under color of state law and engaged in unconstitutional activities, including denying plaintiff rights guaranteed under the first, fifth, eighth, and fourteenth amendments of the United States Constitution.

FILED
SCRANTON
FEB 1 6 2012
PER _____
DEPUTY CLERK

## The Parties

1. The Plaintiff, Paul Khalifah Roulac, an individual, who at all times relevant to to the allegations of this complaint, has been incarcerated within Pennsylvania prison system, SCI Huningdon and MCF- Michigan.

2. At all times relevant to this complaint, defendant Lawler was the superintendent of SCI Huningdon.

3. At all times relevant to this complaint, defendant, Showalter was the health care administrator of SCI Huningdon.

4. At all times relevant to this complaint, defendant Shoaf was the doctor of SCI Huningdon.

5. At all times relevant to this complaint, defendant Fisher was the counselor of SCI Huningdon.

6. At all times relevant to this complaint, defendant Johnson was the FA-Block counselor of SCI Huningdon.

7. At all times relevant to this complaint, defendant Beard was the secretary commissioner for the Pa. DOC. located at Central office.

8. At all times relevant to this complaint, defendant McNaughton was the press secretary for the Pa. DOC. located at Central office.

9. At all times relevant to this complaint, defendant Michael W. Curley was the superintendent for MCF-Michigan.

10. At all times relevant to this complaint, defendant Bergman was the doctor for MCF-Michigan.

11. At all times relevant to this complaint, defendants John Doe's were the medical staff for MCF-Michigan.

12. At all times relevant to this complaint, defendants of the Hackley Hospital was the hospital assigned to MCF-Michigan.

## Jurisdiction and Venue

13. This court has jurisdiction pursuant to 42 U.S.C. sections 1331 and 1343.

14. Venue is proper in the Middle District of Pennsylvania as defendants are employed and/or domiciled in the District and the acts complained of occurred in the District.

15. This Court also has Jurisdiction over co-defendants of MCF-Michigan, pursuant to 42 U.S.C. sections 1331 and 1343.

16. And venue is proper in the middle district of Pennsylvania as MCF-Michigan defendants are and were under contract with Pennsylvania Department of Corrections defendants, were employed by and received payment from Pennsylvania Department of Corrections defendants, co-defendants were contracted to the same policy and rules and laws dealing with the Plaintiff, and the agreement to transfer Plaintiff occurred in this District. Plaintiff also have pending cross-counter suit against MCF-Michigan defendants (see exhibit:_____).

## Factual Background

17. Plaintiff has been incarcerated in Pennsylvania State Prisons since November, 2000.

18. Plaintiff has been chronic clinic patient, while at SCI Huningdon, for ten (10) years prior to being transferred to MCI-Michigan.

19. Plaintiff under-went three(3) major operations prior to being transferred to MCI-Michigan, two (2) of these operations while at SCI Huntingdon.

20. Defendants Beard and McNaughton released to the public plans to send Pennsylvania prisoners to Michigan and Virginia.

21. Concerns from the public, prisoners, and prisoners families were addressed by defendants Beard and McNaughton, who assured that no medically problemed, nor litigating prisoners would be transferred to do to lack of financial budget.

22. Defendants Lawler, Showalter, Shoaf, Johnson, and Fisher, all assure Plaintiff that he was not eligible for such transfer due to medical condition.

23. On about March 2010, Plaintiff was informed by defendant Johnson that his name was placed on the list for Michigan.

24. Plaintiff and other medically problemed prisoners expressed concerns to defendants Lawler, Showalter, Shoaf, Johnson, and Fisher.

25. Defendants placed the blame on defendants Beard and McNaughton, stating that they were responsible for the selection of the transfer list.

26. Defendants Showalter, Shoaf, Johnson, Fisher, and Lawler knew of Plaintiffs medical condition, or should have known, and refused to stop the transfer.

27. On 3, 20 10, Plaintiff was transferred to MCF-Michigan in violation of the DOC contract, in contradiction of the defendants (Beard and McNaughton's) public statements and in violation of plaintiffs constitutionally protected rights.

28. While at MCF-Michigan plaintiffs health worsened and his well being was neglected in deliberate indifference and supervisory liability, as the prison budget was not fit to treat or properly diagnosis prisoners with serious medical problems.

29. MCF-Michigan did not have an infirmary, nor were there any medical staff at the prison after 8:30pm.

30. Plaintiff complained to MCF-Michigan Medical and administrative staff about medical needs, Michigan defendants acted in deliberate indifference, supervisory liability, negligence and in conspiracy with the DOC defendants against Plaintiffs well-being.

31. MCF-Michigan superintendent, Michael W. Curley, MCF-Michigan doctor, Bergman and medical staff, and Hackley Hospital Muskegon, MI 49442, all acted in conspiracy with DOC defendants.

32. DOC-Defendants and MCF-Michigan co-defendants, both conspired, acted in deliberate indifference, supervisory liability, subject plaintiff to cruel and unusual treatment, neglect, denial of Equal protection and due process under the Color of Law.

33. While at MCF-Michigan, Plaintiff's health quickly deteriorated, being taken back and forth to the outside hospital to different surgeries.

34. After months of suffering, neglect, painful treatments from under budget staff and incompetent medical personnel, plans were made to return plaintiff to Pennsylvania Department of Corrections.

35. On _Sept_, 20_10_, plaintiff returned to Pennsylvania where he had to under go a series of operations and treatments from outside hospital and SCI Albion, due to the poor treatment plaintiff received at MCF-Michigan, authorized by Pennsylvania DOC- defendants.

36. Plaintiff filed grievances while at MCF-Michigan and filed 1983 civil complaint. Plaintiff filed grievances and appeals after returning to Pennsylvania to exhaustion and now brings this 1983 civil complaint.

## Injuries

37. At all times relevant to this complaint, on information and belief, defendants all in their individual capacities acted in supervisory liability and deliberate indifference to plaintiffs 5th, 8th, and 14th amendment rights under the color of law.

38. Plaintiff have been injured as an result of defendants actions, in actions, and decisions concerning the transfer of plaintiff to a facility that they knew, or should have known could not properly treat plaintiff.

39. The Fifth amendment of the United States Constitution grants prisoners freedom from deprivation of due process, or from denial of meaningful post-deprivation remedy.

40. This deprivation is a liberty interest which amounts to a Eighth amendment violation of cruel and unusual punishment.

41. Plaintiff was denied his fourteenth amendment rights to due process and equal protection from defendants constitutional violations under the color of state law.

42. Plaintiff incorporates the allegations of paragraphs 1-41 as if set forth in full, and wherefore demands the following relief individually, jointly, and or severally against named defendants:

   a. Compensation and punitive damages

   b. monetary damages for pain and suffering, and mental anguish

   c. three (3) million dollars jointly

   d. any other relief that this court grant such other and further relief as it deems just and necessary under the circumstances.

Respectfully Submitted,

*Paul K Roulhac*
Paul Khalifah Roulhac
DOC# FA-4276- SCI Graterford
Assisted By: Kenneth Malik Miller
(Jail House Litigator)

## Certificate of Service

I, *Paul K. Roulhac*, Hereby certify that on **2/12**, 2012, a true and correct copy of the foregoing complaint was served First Class Mail upon the following parties:

Office of the Clerk
United States District Court
Middle District of Pennsylvania
Williams J. Nelson Federal Bldg. and
U.S. Court House/ 235 North Washington Avenue, P.O. Box 1148
Scranton, PA. 18501-1148

Office of Chief Counsel
1920 Technology Pkwy.
Mechanicsburg, PA. 17050

Date: **2/12/12**

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. ____

    2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court</u>. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. ✓

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

Paul Bradbee #FA4076
Box A44
Waterford, PA 19441-0844

No Fee
Enclosed

RECEIVED
SCRANTON
FEB 16 2012
PER MARY E. D'ANDREA, CLERK
DEPUTY CLERK

Office of the Clerk
United States District Court
Middle District of Pennsylvania
Williams J. Nealon Federal Building
235 North Washington Ave