UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL KHALIFAH ROULHAC,  :
    Plaintiff  :
  :
    v.  : CIVIL NO. 1:12-CV-311
  :
R.M. LAWLER, *et al.*,  :
    Defendants.  :
  :

M E M O R A N D U M

*I.*    *Introduction*

We are considering Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Schwab (Doc. 67), which recommends that we grant Defendant Hackley Lakeshore Hospital's ("Hackley's") motion to dismiss for lack of subject matter jurisdiction. *Pro se* Plaintiff Roulhac filed this Section 1983 action on February 16, 2012, alleging violations of his constitutional rights based upon medical care he received while incarcerated. (Doc. 1). Defendants filed motions to dismiss, which we granted on June 3, 2013, and gave Plaintiff 30 days to amend his complaint. (Doc. 38). After this deadline passed, on July 19, 2013, Plaintiff filed an amended complaint, which we accepted, *nunc pro tunc*. (Doc. 45). On August 29, 2013, Defendant Hackley filed a motion to dismiss the amended complaint, and on January 13, 2014, Magistrate Judge Schwab issued the instant R&R recommending we grant the motion. (Doc. 47). Since objections were filed, we must "make a *de novo* determination

of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

*II.        Background*

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.       Discussion*

*A. Subject Matter Jurisdiction*

Plaintiff objects to the magistrate's recommendation that his claims against Hackley be dismissed for lack of subject matter jurisdiction. When considering a motion to dismiss pursuant to Rule 12(b)(1), courts may rely on documents outside the pleadings, and may make factual findings. Employers Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). The burden of persuading the court that it has subject matter jurisdiction rests with the Plaintiff. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). To properly state a Section 1983 claim, a Plaintiff must allege that he or she was deprived of their constitutional rights by someone acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

Here, Plaintiff claims that jurisdiction exists because Hackley and the state have a "symbiotic relationship," such that any action taken by Hackley is also a state action.[1] Plaintiff cites Burton v. Wilmington Parking Authority, et al., 365 U.S. 715 (1961),

---

1. Plaintiff also argues that because his claim involves a federal question, the court has jurisdiction to hear it. However, raising a federal question only meets one prong of the requirement for subject matter jurisdiction. Even though a claim invokes federal question

2

to support this argument.  In Burton, the Supreme Court held that a private restaurant, doing business in a building financed by public funds, could not discriminate based on race.  Burton, 365 U.S. at 726.  The case before us has very little in common with Burton.  Plaintiff asks us to consider a letter that he acquired from the prison bulletin board as evidence of an alleged symbiotic relationship.[2]  (See Doc. 73).  The letter, addressed to Secretary Beard of the Pennsylvania Department of Corrections, discusses an Inmate Transfer Agreement between Michigan and Pennsylvania.  The letter explains that Michigan will be housing some of Pennsylvania's inmates because of a drop in Michigan prison populations.  Plaintiff attaches considerable significance to one sentence in the letter, which reads: "In addition, the fact that we now share the same prisoner health care provider could help ease any potential concerns associated with this very important area of effective prisoner management."  (Doc. 73 at 11).  According to Plaintiff, this sentence proves that Hackley had an agreement with Michigan and Pennsylvania to provide medical care for prisoners.  However, Plaintiff's reliance on this sentence is misplaced; the letter merely refers to a "health care provider" and does not

---

jurisdiction by alleging the deprivation of a constitutional right, it may nonetheless be dismissed if that deprivation was not committed by someone acting under color of state law.  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006).  As explained in further detail *infra*, since Hackley is a private hospital, there was no state action involved.  Accordingly, federal subject matter jurisdiction is lacking.

2. On February 14, 2014, Plaintiff filed a motion (Doc. 73) that we are construing as objections to the R&R.  See, e.g., Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").  The letter was attached to this motion.

mention Hackley. Nothing in the letter suggests that Hackley has an agreement with any state to provide medical care to prisoners. Moreover, Hackley submitted an affidavit swearing that it is a privately owned facility that does not engage in any activities on behalf of either the state of Michigan or Pennsylvania. (Doc. 47-6). Despite Plaintiff's claims to the contrary, (Doc. 73), this letter does nothing to contradict that affidavit. We agree with the magistrate judge that "the only reasonable inference that can be made is that Hackley happened to be a hospital that was in close proximity to MCF Michigan[,] and [was] used to provide an additional level of medical care beyond that which the prison could not provide itself." (Doc. 67 at 14). A hospital's mere proximity to a state correctional institution and its occasional acceptance of sick inmates does not constitute a symbiotic relationship with the state.

Plaintiff also half-heartedly argues that Hackley was performing a traditional state function, and therefore, Hackley's actions constitute state action. The "public function" test examines whether a "private entity is exercising powers that are traditionally the *exclusive* prerogative of the state." Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995). Because providing medical care is not traditionally an exclusive state function, we find that there was no state action to form the base of a Section 1983 claim. Accordingly, Plaintiff has failed to carry his burden demonstrating that federal subject matter jurisdiction exists.

*B. Other Bases for Dismissal*

Although we have determined that this matter should be dismissed because subject matter jurisdiction is lacking, we will briefly address Plaintiff's objections to the other portions of the R&R. The magistrate concluded that Plaintiff's Eighth Amendment deliberate medical indifference claim fails pursuant to Rule 12(b)(6), and Plaintiff objects to this finding. Specifically, the magistrate found that Plaintiff's claim was based on his disagreement with medical professionals over the proper course of medical treatment, which is not actionable. Plaintiff's objection confirms this finding, as he writes: "Doing something does not free the defendant's [sic] of deliberate indifference." (Doc. 69 at 3). However, a review of Plaintiff's complaint reveals that he received abundant medical care, and underwent multiple procedures, but brought the instant lawsuit because he felt that the level of care was sub-par. (Doc. 45 at 5). Plaintiff fails to allege any facts demonstrating that Defendants withheld treatment or unconstitutionally delayed treatment. The Third Circuit has clearly stated that a plaintiff's disagreement over the level of medical care that he receives cannot form the basis of an Eighth Amendment claim. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Even medical negligence does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Thus, Plaintiff fails to state a claim for deliberate medical indifference.

Last, we also agree with the magistrate that Plaintiff's civil conspiracy claim should be dismissed for failure to state a claim. Plaintiff did not object to this recommendation. Plaintiff has plainly failed to plead any facts supporting the existence

of an agreement between Hackley and the other defendants to deprive him of medical care in violation of his constitutional rights.

*IV.*     *Conclusion*

For the reasons stated above, we will adopt the magistrate judge's report, and dismiss Plaintiff's amended complaint. Further leave to amend will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile). Plaintiff has already been permitted one opportunity to amend, and he filed the amended complaint late, without addressing the deficiencies highlighted by the court. Plaintiff's request for appointed counsel (Doc. 69 at 4) is denied. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.").

We will issue an appropriate order.